IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:19-CR-43 |
| | : | |
| v. | : | (Judge Neary) |
| | : | |
| NYREE LETTERLOUGH, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM**

A motion to vacate is not an opportunity to relitigate extinguished arguments. Before the court is defendant Nyree Letterlough's *pro se* motion (Doc. 198) to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Letterlough bases her motion on two alleged Sixth Amendment defects. First, she argues the court's denial of her motion to sever her trial from her co-defendant, Saqueena Williams, deprived her of the opportunity to call Ms. Williams as an exculpatory witness and thus deprived Letterlough of her right to a fair trial. Second, she contends her trial counsel rendered ineffective assistance in seeking a severed trial.

The Third Circuit has already rejected Letterlough's first argument, and the record conclusively demonstrates her second argument is meritless. Therefore, Letterlough's motion will be denied without a hearing and no certificate of appealability will issue.

**I.    Factual Background**

On January 30, 2019, a federal grand jury returned an 11-count indictment charging Williams and Letterlough with conspiracy to distribute cocaine, cocaine

base, and marijuana, 21 U.S.C. § 846 (Count 1); two counts of possession with intent to distribute cocaine and cocaine base, 21 U.S.C. § 841(a) (Counts 4, 7); three counts of possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c) (Counts 5, 8, 11); two counts of possession of a stolen firearm, 18 U.S.C. § 922(j) (Counts 6, 9); and possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k) (Count 10). (Doc. 3). Williams was also charged with two counts of distribution of cocaine, 21 U.S.C. § 841(a) (Counts 2, 3). (Id. at 4-5).

Letterlough filed a motion to sever her trial from Williams's trial. (Doc. 62).[1] The court denied Letterlough's motion, holding that she "failed to sustain the 'heavy burden' to demonstrate prejudice justifying severance under Rule 14(a)." (Docs. 81 at 7; 82). On May 19, 2021, a jury convicted Letterlough after a five-day trial on counts 4, 5, and 6, and acquitted her on counts 1, 7, 8, 9, 11.[2] (Docs. 129, 169). She was sentenced to 111 months' imprisonment and a three-year term of supervised release. (Doc. 169).

The Third Circuit affirmed Letterlough's conviction on October 18, 2023. United States v. Letterlough, No. 22-2703, 2023 WL 6868797 (3d Cir. Oct. 18, 2023). Letterlough did not file a petition for writ of certiorari before the United States Supreme Court, and the Third Circuit's mandate issued on November 9, 2023.

---

[1] Williams also filed a motion to sever and a motion to suppress. (Doc. 63). Letterlough's motion incorporated by reference the arguments Williams made in her motion to sever.

[2] Count ten was ultimately dismissed. (Doc. 129).

(Docs. 195, 195-1).[3] Letterlough timely challenges her conviction under 28 U.S.C. § 2255, briefing has completed, and the motion is ripe for disposition. (Docs. 198, 199. 201).

## II. Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. The prisoner has one year after her conviction becomes final to file a Section 2255 motion. 28 U.S.C. § 2244(d)(1). Courts may afford relief under Section 2255 on numerous grounds including "that the sentence was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a). The statute provides, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence [her] or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005).

A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting [Section] 2255 relief that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546). Conversely, an evidentiary hearing is not required where "the

---

[3] On January 17, 2025, President Joseph R. Biden Jr. commuted Letterlough's sentence to 60 months' imprisonment with the term of supervised release unchanged. (Doc. 205).

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief [.]" 28 U.S.C. § 2255(b). Whether to hold an evidentiary hearing "is committed to the sound discretion of the district court." Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a claim, a defendant must demonstrate (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial. Id. at 687-88. The defendant bears the burden of proving both prongs. Id. at 687.

To determine whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be "highly deferential" toward counsel's conduct. Id. at 689. There is a strong presumption that counsel's performance falls within the broad range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" Strickland, 466 U.S. at 690.

To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding "would have been different." Id. at 694. The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing on one prong. See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

### III. Discussion

#### A. Letterlough's motion to sever has already been litigated and her lawyer did not provide ineffective assistance

Letterlough argues her trial should have been severed from Williams's trial. (See generally Doc. 199). The district court denied her motion to sever, which the Third Circuit affirmed on appeal. (Docs. 81, 195, 195-1). "Once a legal argument has been litigated and decided adversely to a criminal defendant at [her] trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255." United States v. Orejuela, 639 F.3d 1055, 1057 (3d Cir. 1981). Thus, defendants are generally barred from relitigating a claim considered on direct appeal unless there is "newly discovered evidence that could not reasonably have been presented at the original trial, a change in applicable law, incompetent prior representation by counsel, or other circumstances indicating that an accused did not receive full and fair consideration of [her] federal constitutional and statutory claims." United States v. Palumbo, 608 F.2d 529, 533 (3d Cir. 1979).

5

Letterlough's motion seeks to relitigate this issue, arguing that her counsel provided ineffective assistance by failing "to adequately substantiate Ms. Williams's potential testimony" she would have offered if the trials were severed. (Doc. 199 at 7). Here, Letterlough refers to the first of the four <u>Boscia</u> factors courts examine where a defendant moves for severance on the basis that a joint trial would prevent her from calling her co-defendant to testify. <u>See</u> <u>United States v. Boscia</u>, 573 F.2d 827, 832 (3d Cir. 1978) (listing the following four factors: "(1) the likelihood of co-defendant's testifying; (2) the degree to which such testimony would be exculpatory; (3) the degree to which the testifying co-defendants could be impeached; [and] (4) judicial economy.").

Letterlough's bare assertions do not demonstrate her counsel provided constitutionally ineffective assistance. She has not proffered any evidence her lawyer could have used to substantiate the assertion that Williams would have testified, let alone that Williams's potential testimony would have exculpated her or whether Williams would have been impeached. She also offers mere argument that "the district court placed undue emphasis on judicial economy at the expense of her constitutional rights." (Doc. 199 at 6). Her failure to point to specific error by counsel is fatal to her ineffective assistance claim because she is unable to demonstrate her "counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and . . . the deficient representation was prejudicial." <u>Strickland</u>, 466 U.S. at 687-88. And because her ineffective assistance claim fails, Letterlough is barred from relitigating the denial

of her motion to sever. Palumbo, 608 F.2d at 533. Furthermore, since the "files and records of the case conclusively show" Letterlough's counsel did not provide ineffective assistance, her claims can be denied without an evidentiary hearing. 28 U.S.C. § 2255(b); Tolliver, 800 F.3d at 141.

### B. A Certificate of Appealability Will Not Issue

A defendant seeking Section 2255 relief must obtain a certificate of appealability to appeal the denial of her claims. 28 U.S.C. § 2253(c)(1); United States v. McLaughlin, 607 F. Supp. 3d 522, 548 (M.D. Pa. 2022). To obtain a certificate of appealability, the defendant must make a "substantial showing of the denial of a constitutional right," Id. § 2253(c)(2), which requires her to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Letterlough fails to make this showing, so a certificate of appealability will not issue.

## IV.     Conclusion

Letterlough seeks to relitigate the court's denial of her motion to sever her trial from her co-defendant's trial, which the law does not permit. She also fails to demonstrate her attorney provided constitutionally ineffective assistance of counsel. Therefore, Letterlough's motion (Doc. 198) to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is denied. No certificate of appealability will issue. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:     November 18, 2025